# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 6:04-cv-69(HL) |
| **$4096.00 IN UNITED STATES** | : | |
| **CURRENCY, MORE OR LESS,** | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

The Motion to Dismiss [Doc. 8] of Claimant Donald Keith Lawson is before the Court. After consideration of the Motion, the Court hereby denies the same, as more fully set forth below.

## I.  FACTS

In the course of executing of an arrest warrant on April 1, 2004, the Government seized $4,096.00 in United States currency.  A complaint for forfeiture was filed with this Court on December 29, 2004, pursuant to 21 U.S.C.A. § 881(a)(6).  On January 10, 2005, this Court granted an order for publication in The Moultrie Observer to provide notice of the seizure of the property.  On January 31, 2005, Claimant, Donald Keith Lawson, filed a verified claim for Defendant property pursuant to 18 U.S.C.A. § 983(a)(4)(A).  On the same date, Claimant filed a Motion to Dismiss the Government's complaint for forfeiture.  Claimant's Motion to Dismiss is based on two theories: (1) the Government failed to plead facts establishing probable cause for forfeiture with sufficient particularity so as to satisfy Rule E(2)(a) of the Supplemental Rules

for Admiralty and Maritime Claims; and (2) certain evidence substantiates his claim that he is the lawful owner of Defendant property.

## II.  BACKGROUND

Federal forfeiture laws make all moneys furnished in exchange for controlled substances, and all proceeds traceable to such an exchange, subject to civil forfeiture.  21 U.S.C.A. § 881(a)(6) (West Supp. 2004).  When moneys are seized for civil forfeiture by a Government agency, timely notice of the forfeiture proceedings must be given to "interested parties," including the property owner, if known.  18 U.S.C.A. § 983(a)(1)(A)(i) (West Supp. 2004).  If the property owner or other interested party wishes to challenge the forfeiture, he must claim an interest in the property and establish ownership.  18 U.S.C.A. § 983(a)(2) (West Supp. 2004); United States v. Two Parcels of Real Prop. Located in Russell County, Ala., 92 F.3d 1123, 1126 (11th Cir. 1996).  Once the property owner claims an interest in the property, the forfeiture is then pursued as a judicial forfeiture in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental Rules" or "Supp. R.").  18 U.S.C.A. § 983(a)(3)(A) (West Supp. 2004).

Once the Government files the appropriate complaint under Rule E, any person claiming interest in the property must timely file a claim asserting that interest, 18 U.S.C.A. § 983(a)(4)(A) (West Supp. 2004), and then must file an answer to the Government's complaint not later than 20 days after the date of the filing of the claim.  18 U.S.C.A. § 983(a)(4)(B) (West Supp. 2004).  In an action for the civil forfeiture of property, where the Government's theory

of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government must establish by a preponderance of the evidence that the property is subject to forfeiture and must establish "that there was a substantial connection between the property and the offense."  18 U.S.C.A. § 983(c)(1) & (3) (West Supp. 2004).[1] *See also* <u>United States v. $22,991.00, More or Less, in United States Currency</u>, 227 F. Supp. 2d 1220, 1231 (S.D. Ala. 2002).

## III. DISCUSSION

In his Motion to Dismiss, Claimant makes two arguments.  First, Claimant contends the complaint fails to set forth facts sufficient to support a verified complaint for forfeiture.  Second, Claimant contends he has evidence to substantiate his claim of lawful ownership of the subject currency.  Each of these arguments are addressed below.

### A. <u>Sufficiency of Complaint</u>

First, Claimant moves to dismiss the Government's complaint on the ground that it fails to meet the notice requirements under Rule E(2)(a) of the Supplemental Rules.  The Government has two separate obligations to satisfy the civil forfeiture requirements.  The

---

[1] Congress substantially amended 18 U.S.C.A. § 983 with the passage of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA").  The amendments changed the allocation of the burden of proof.  Previously, the burden was on the government to establish probable cause; the claimant then had to prove by a preponderance of the evidence that the property was not subject to forfeiture. The current law provides that the government must establish by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C.A. § 983(c)(1) (West Supp. 2004).  In doing so, the government may use evidence gathered after the filing of the complaint.  18 U.S.C.A. § 983(c)(2) (West Supp. 2004). The CAFRA amendments, however, did not change the government's burden at the pleading stage, which is governed by Rule E(2)(a) of the Supplemental Rules.  <u>United States v. Mondragon</u>, 313 F.3d 862, 865 (4th Cir. 2002).

Government has a formal obligation at the complaint stage to plead specific information about the circumstances underlying the seizure.  Supp. R. E(2)(a).  Additionally, the Government has the substantive obligation to allege facts sufficient to establish by a preponderance of the evidence that the property has been properly forfeited.  18 U.S.C.A. § 983(c)(1) (West Supp. 2004).  *See* United States v. Funds in Amount of Forty Thousand Dollars, No. 03 C 8220, 2004 WL 2191576, at *2 (N.D. Ill. Sept. 28, 2004); United States v. Funds in the Amount of $9,800, 952 F. Supp. 1254, 1259 (N.D. Ill. 1996).

Claimant moves to dismiss the Government's complaint, alleging the Government has failed to satisfy its obligation under Rule E(2)(a).  Rule E(2)(a) states, in part, that "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Courts in the Eleventh Circuit have interpreted Rule E(2)(a) as imposing a more stringent obligation on the Government in setting forth grounds for forfeiture than the notice pleading requirements of the Federal Rules of Civil Procedure.  *See, e.g.,* Two Parcels of Real Prop., 92 F.3d at 1126; Fathom Exploration, LLC v. The Unidentified Shipwrecked Vessel Or Vessels, 352 F. Supp. 2d 1218, 1222 (S.D. Ala. 2005).

To satisfy the specificity requirement at the pleading stage of a forfeiture action, the Government's complaint "'must allege sufficient facts to provide a reasonable belief that the property is subject to forfeiture: in particular, that the Government has probable cause to believe

that a substantial connection exists between the property to be forfeited and the exchange of a controlled substance.'" Two Parcels of Real Prop., 92 F.3d at 1126 (quoting United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1548 (11th Cir. 1987)); *see also* United States v. $49,000 Currency, etc., 330 F.3d 371, 375 n.8 (5th Cir. 2003). While the Government is not required in the pleading stage to meet its ultimate burden of establishing the application of forfeiture by a preponderance of the evidence, it "may not seize and continue to hold property upon conclusory allegations that the defendant property is forfeitable." United States v. Certain Accounts, Together with all Monies on Deposit Therein, 795 F. Supp. 391, 394 (S.D. Fla. 1992) (citing $38,000.00 in United States Currency, 816 F.2d at 1548).

The sufficiency of the government's allegations must be scrutinized separately in each case.  For example, in United States v. $38,000 in United States Currency, 816 F.2d 1538 (11th Cir. 1987), the Eleventh Circuit dismissed the government's complaint where the complaint was "completely devoid of factual support for the government's allegation" that the seized currency was in any way linked to the exchange of a controlled substance. 816 F.2d at 1548.  In that case, the government's complaint stated that the currency was seized, identified the individual from whom it was seized, stated the location of the seizure, and gave the date.  Id.  There was no indication of a connection between the seized currency and any controlled substance.  Id.

In contrast to the decision in $38,000.00 in United States Currency, in Two Parcels of Real Property, the Eleventh Circuit found the government's complaint sufficient and affirmed a district court's denial of a motion to dismiss for insufficiency.  92 F.3d at 1127.  In that case,

5

the complaint alleged that the claimants were involved in drug dealing activities and that the proceeds were used to buy the property that was subject to forfeiture. 92 F.3d at 1127 n.1. The complaint generally described the method of the drug sales, discussed the handling of cash by drug dealers, and alleged the purchase with cash of the properties sought to be forfeited. Id. at 1127. The court held that the information in the complaint satisfied the pleading requirement because "there were sufficient facts detailed in the complaint to put claimants on notice of the Government's basis for seizure." Id. The fact that the complaint did not allege specific drug deals, participants other than the claimants, quantities of the drugs sold, dollar amounts, dates, or locations did not render the complaint insufficient. Id.

In this case, the Government's complaint states the cause of action, grounds for jurisdiction, grounds for venue, location of the seizure of Defendant property, dollar amount of Defendant property, and the location of Defendant property. (Compl. at ¶¶ 1-6.) Additionally, the complaint details the filing of a claim of ownership by Claimant Lawson. (Compl. at ¶¶ 7.) The Government also provides the following details about the seizure of Defendant currency, which establish that a substantial connection exists between the seized property and a controlled substance:

> The $4096.00 in United States Currency was seized from Donald Keith Lawson on April 1, 2004, during the execution of a federal arrest warrant (Lawson was indicted for narcotics trafficking) at 103 Ellen Lane, Doerun, Georgia 31744. The Worth County Sheriff's Office assisted the ATF, USMS, DEA, and the GBI with the arrest of Lawson. Lawson was inside the residence and the defendant currency was found on the floor beside him at the time of his arrest. Lawson advised agents that the money was not his and that someone had dropped it there. A drug K-9 alerted to the currency.

6

Mary Lawson, mother of Donald Keith Lawson, went to the Worth County Sheriff's Office on April 5, 2004, and wanted to claim the money. Due to the drug dog alert on the currency and the federal arrest warrant for her son, Investigator Whisnant read Mary Lawson her Miranda Rights so he could question her. Mary Lawson then stated she did not want anything to do with drug money and the Worth Sheriff's Office could keep it. She then left the Sheriff's Office without answering any questions.

(Compl. at ¶ 9.) Additionally, the Government's complaint is supplemented with an affidavit of a special agent of the United States Drug Enforcement Administration. The affidavit summarizes the above information and further states that Claimant Lawson has had numerous drug arrests and convictions, a fact tending to support the Government's position that a substantial connection exists between the cash seized and a controlled substance. (Compl., Aff. at 2.)

The information set forth by the Government in this case satisfies the pleading requirements of Rule E(2)(a) as interpreted by courts in the Eleventh Circuit. *See* Two Parcels of Real Prop., 92 F.3d at 1127; *see also* United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1440 n.28 (11th Cir. 1991) (holding complaint sufficient where probable cause existed to establish that the seized property had a substantial connection to illegal drug transactions of claimant even though the complaint did not explicitly state that the seized property was purchased with proceeds from drug activity). Here, the forfeiture complaint states the circumstances giving rise to the forfeiture by detailing the drug-related arrest and drug dog alert to Defendant currency. This information establishes probable cause that a substantial connection exists between Defendant property and the exchange of a controlled substance. The

information provided by the Government in this complaint is analogous to the information alleged in the complaints in <u>Two Parcels of Real Property</u> and <u>Four Parcels of Real Property</u>, which the Eleventh Circuit held to be sufficient.  Therefore, the Government's complaint should not be dismissed for failure to satisfy Rule E(2)(a) of the Supplemental Rules.

### B.  <u>Consideration of Additional Evidence</u>

Second, Claimant moves to dismiss on grounds that he has evidence to substantiate his claim to lawful ownership of Defendant property pursuant to the requirement of 18 U.S.C.A. § 983(a)(4)(A), which states that after the Government files a complaint for the forfeiture of property in a district court, "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules."  The Federal Rules of Civil Procedure, as modified by the Supplemental Rules, govern the litigation of *in rem* forfeiture proceedings.  <u>United States v. $242,484.00 in United States Currency</u>, 389 F.3d 1149, 1171 (11th Cir. 2004) (en banc) (Tjoflat, J., concurring).  The Supplemental Rules prescribe the pleadings in a forfeiture action and then the Civil Rules govern the litigation of the case, including the conduct of the trial.  <u>Id.</u>; Supp. R. A.  This Court will consider Claimant's motion to dismiss based on the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure and the guidelines for dismissing complaints stated in 18 U.S.C.A. § 983(a)(3)(D) of the civil forfeiture statute.

A motion to dismiss a civil forfeiture complaint is governed by Rule 12(b) of the Federal Rules of Civil Procedure.  Under this rule:

> A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. . . . The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.

United States v. Contents of Four Bank Accounts, 330 F. Supp. 2d 1299, 1300 (M.D. Ala. 2004) (internal citations omitted) (denying a motion to dismiss the government's civil forfeiture complaint in an *in rem* proceeding).

To support his motion to dismiss, Claimant offers evidence which he contends will show that Defendant property was the proceeds of his tax refund, presumably to rebut the assumption that Defendant currency was linked to the exchange of a controlled substance.  (Memo. Supp. Mot. Dismiss at 4.)  On a motion to dismiss, however, the Court will only consider matters asserted in the pleadings and construe them in favor of the non-movant.  Fed. R. Civ. P. 12(b) & (c).  While the Court may convert a motion to dismiss to a motion for summary judgment and consider matters outside the pleadings, the decision to do so is within the Court's discretion. Fed. R. Civ. P. 12(b).  *See also* Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002); Ware v. Associated Milk Producers, Inc., 614 F.2d 413, 415 (5th Cir. 1980); Filo Am., Inc. v. Olhoss Trading Co., LLC, 321 F. Supp. 2d 1266, 1268 (M.D. Ala. 2004).  At this early stage in the proceedings, and given the limited nature of the supporting materials Claimant provided, this Court finds that it would be premature to convert Claimant's motion at this time. Therefore, the Court will not consider the evidence submitted by Claimant in support of his Motion to Dismiss.

Without considering Claimant's additional evidence, the Court finds the complaint is sufficient to withstand a Rule 12(b)(6) challenge.  The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") appears to have relaxed or lessened the proof that the Government is required to show in response to a 12(b)(6) motion at the onset of a forfeiture proceeding.  *See* 18 U.S.C.A. § 983(a)(3)(D); United States v. All Funds on Deposit in Dime Sav. Bank of Williamsburg Account No. 58-400738-1, 255 F. Supp. 2d 56, 69 n.20 (E.D.N.Y. 2003) (citing United States v. 630 Ardmore Drive, City of Durham, Parkwood Tp., Durham County, N.C., 178 F. Supp. 2d 572, 580-81 (M.D.N.C. 2001)).  Generally, a 12(b)(6) motion to dismiss requires the movant to establish that there are no set of facts in the non-movant's complaint that would entitle the non-movant to relief.  However, CAFRA now appears to require even less as a defense to a 12(b)(6) motion to dismiss because the statute states "'[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.'"  All Funds on Deposit, 255 F. Supp. 2d at 69 n.20 (quoting 18 U.S.C. § 983(a)(3)(D)).

The term "adequate evidence" is not defined in the forfeiture statute, but has been interpreted by one court as operating to prevent dismissal of the government's forfeiture complaint in the face of a 12(b)(6) motion to dismiss "*even if the Government's Complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding.*"  United States v. 630 Ardmore Drive, City of Durham, Parkwood Tp., Durham County, N.C., 178 F. Supp. 2d 572, 580-81 (M.D.N.C. 2001) (emphasis added). Consequently,

that court held that the particularity requirements of Rule E(2) must be read along with the "adequate evidence" savings clause in 18 U.S.C.A. § 983(a)(3)(D), in such a way as to relax the particularity requirements in the Supplemental Rules.  <u>Id.</u> at 581-82.  Thus, under the relaxed particularity analysis seemingly imposed by CAFRA, the Government's complaint certainly meets the pleading requirements for civil forfeiture because it alleges facts establishing a connection between the seized currency and controlled substances.


**IV.  CONCLUSION**

For all of the foregoing reasons, Claimant's Motion to Dismiss is denied.


**SO ORDERED**, this the 6th day of May, 2005.


<u>s/ Hugh Lawson</u>
**HUGH LAWSON, JUDGE**

A-PN/mls

11