**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | CASE NO. 6:04-CV-69(HL) |
| | : | |
| $4,096.00 IN UNITED STATES | : | |
| CURRENCY, MORE OR LESS, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

**FINAL ORDER OF FORFEITURE AS TO DEFENDANT PROPERTY**

On or about December 27, 2004, Plaintiff United States of America filed a Verified Complaint for Forfeiture against the above-named defendant property. The complaint alleges that the United States has probable cause to believe that the defendant property described as $4,096.00 in United States Currency, More or Less, constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., punishable by more than one year's imprisonment, or constitutes proceeds traceable to such exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). On or about July 1, 2005, the United States filed a Motion For Final Order of Forfeiture as to the defendant property.

The Court hereby makes the following FINDINGS OF FACT AND CONCLUSIONS OF LAW:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and venue pursuant to 28 U.S.C. § 1395.

2. The United States has furnished due and legal notice of these proceedings as required by statute.

3. All persons known to the United States to have a possible interest in the defendant property have received actual notice and service of summons, complaint, and warrant of arrest in rem in this action.

4. On February 1, 2005, Donald Keith Lawson filed a claim in this action, asserting his interest in the defendant property.

5. On February 1, 2005, Claimant Donald Keith Lawson also filed a Motion to Dismiss Plaintiff's Complaint for Forfeiture, along with a Memorandum in support thereof.

6. On February 3, 2005, Plaintiff filed the a response to Claimant's Motion to Dismiss.

7. On or about February 22, 2005, Claimant notified the United States Drug Enforcement Administration by letter that he no longer wished to pursue his claim against the defendant property.

8. On or about May 6, 2005, this Court entered an Order denying Claimant's Motion to Dismiss.

9. Claimant has failed to file an answer or other responsive pleading after notice of the Court's denial of his Motion to Dismiss, and his time in which to do so has now expired.

10. No other persons or entities have filed a claim or answer in this action and the time for doing so has now expired.

11. The United States had probable cause to seize and forfeit the defendant property.

THEREFORE, IT IS HEREBY ORDERED:

1. All right, title, and interest in the defendant property is hereby forfeited to and vested in the United States, which shall have clear title to the defendant property.

2. The United States Attorney General or his authorized designee shall dispose of this property in accordance with the law, see 21 U.S.C. § 881(e).

SO ORDERED, this 6th day of July, 2005.

<u>s/ Hugh Lawson</u>  
HUGH LAWSON  
UNITED STATES DISTRICT JUDGE

PREPARED BY:  
s/DONALD L. JOHSTONO  
DONALD L. JOHSTONO  
ASSISTANT UNITED STATES ATTORNEY  
GEORGIA BAR NO. 397015