# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 6:04-cv-69 (HL) |
| **$4096.00 IN UNITED STATES CURRENTY, MORE OR LESS,** | : | |
| Defendant. | : | |

## ORDER

Before this Court is a Motion (Doc. # 21), filed August 29, 2005, by Claimant Donald Keith Lawson ("Lawson"). Although untitled, the Court finds this Motion is most appropriately construed as a Motion for Relief From Judgment under Federal Rule of Civil Procedure 60(b)(1). For the reasons set forth below, Lawson's Motion (Doc. # 21) is denied.

## I. FACTS AND PROCEDURAL HISTORY

Pursuant to 21 U.S.C. § 881(a)(6), on December 27, 2004, the Government filed a Verified Complaint for Forfeiture (Doc. # 1) *in rem* of $4096.00 of United States Currency, more or less. The Complaint alleged the currency in question constituted money furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801. (Id. at 2-3.) On January 31, 2005, Lawson filed a claim (Doc. # 7), asserting his interest in the defendant property, in addition to a Motion to

1

Dismiss Plaintiff's Complaint for Forfeiture (Doc. # 8). Thereafter, on February 22, 2005, Lawson notified the United States Drug Enforcement Administration by letter (Doc. # 16) that he no longer wished to pursue his claim against the defendant property. Subsequently, on May 6, 2005, the Court entered an Order denying Claimant's Motion to Dismiss (Doc. # 15) and then, on July 6, 2005, a Final Order of Forfeiture as to Defendant Property (Doc. # 17). Finally, Lawson filed the present one page, hand-written letter (Doc. 21) with the Court on August 29, 2005.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 60(b)(1)

Rule 60(b)(1) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding, for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . ; misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b)(1).

Claims made under Rule 60(b)(1) are required to be brought within one year from the district court's judgment.[1] See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers,

---

[1] The Court notes, as a threshold matter, that Lawson's motion, filed less than two months after judgment was entered, is therefore timely under Rule 60(b). Similarly, the Motion would be untimely were it construed as a Rule 59(e) Motion, which must be filed no later than ten days after entry of judgment.

460 F.2d 105, 108 (5th Cir. 1972).[2]  Furthermore, motions under Rule 60(b) are directed to the sound discretion of the district court.  See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

**B.     Claimant's Motion**

Although Lawson did not specifically label his letter to the Court as a Rule 60(b) Motion, the Court will construe it as such.[3]  One consequence of Lawson's failure to properly label his motion is that he does not specifically state under which provision(s) of Rule 60(b) he is seeking relief.  However, as explained below, Lawson has not made the requisite showing for relief under any subsection of Rule 60(b).

**1.     Mistake**

Lawson has not explained why he believes that he is entitled to relief under Rule 60(b)(1), which provides relief for mistake, inadvertence, surprise, or excusable neglect.  Nor is the Court aware of any such mistakes in this case.  As such, he has not shown that he is entitled to relief under Rule 60(b)(1), and no relief shall be granted.

---

[2] The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

[3] The United States Court of Appeals for the Eleventh Circuit has held that a criminal defendant cannot challenge a criminal forfeiture order under the Federal Rules of Civil Procedure.  United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).  However, this strict bar is inapplicable to the present case because the forfeiture order in question was a civil action.

### 2. Newly Discovered Evidence

"For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). In this case, Lawson has brought no new evidence to the Court's attention.[4] Therefore, he cannot receive relief under this provision.

### 3. Fraud or Misrepresentation

Rule 60(b)(3) provides relief for misrepresentations by the adverse party. In order for the Court to grant relief under Rule 60(b)(3), Plaintiff "has the burden of proving by clear and convincing evidence that (1) the judgment has been obtained through fraud, misrepresentation, or other misconduct, and (2) the conduct complained of prevented the movant from fully and fairly presenting its case." USX Corp. v. TIECO, Inc., 132 Fed. Appx. 237, 239 (11th Cir. 2005) (citation omitted). In this case, Lawson has neither proven nor even alleged that the judgement was obtained through fraud or misrepresentation, much less that such conduct prevented him from fully and fairly presenting his case. As such, the Court finds that he is not entitled to relief under Rule 60(b)(3).

---

[4] While Lawson did submit an income tax return with his Rule 60(b) Motion, this was evidence he had previously submitted and not new evidence.

### 4. The Judgment Is Void

"Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment or order based on a finding that the judgment is void." Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. (citation and quotation omitted). Here, Lawson does not allege the Court lacked jurisdiction of the subject matter or the parties, or that it acted in a manner inconsistent with due process. Indeed, the Court had jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, and Lawson was granted all of his due process rights. Accordingly, the Court finds Lawson cannot receive relief under this provision.

### 5. Satisfaction

Rule 60(b)(5) offers potential relief on two grounds. First, it "authorizes a court to grant relief from a judgment when a prior judgment upon which it is based has been reversed or otherwise vacated." Urfirer v. Cornfeld, 408 F.3d 710, 716 (11th Cir. 2005) (citation and quotation omitted). Second, it "provides relief when judgments are satisfied." Gibbs v. Maxwell House, A Div. of Gen. Foods, 738 F.2d 1153, 1155 (11th Cir. 1984) However, there has been no allegation that this provision has any applicability to this case, and Lawson is not entitled to relief under it.

### 6. "Any Other Reason"

"Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from

the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Lawson points to nothing "exceptional" about his case that would warrant relief under Rule 60(b)(6). As such, the Court finds he is not entitled to relief under this provision.

### III.   CONCLUSION

For the foregoing reasons, Lawson's Motion (Doc. # 21) is denied.

SO ORDERED, this the 3rd day of February, 2006.


s/   Hugh Lawson

**HUGH LAWSON, JUDGE**

pdl